The opinion of the Co.urt was delivered at this term by
Parker, C. J.
The first question submitted by the judge’s report is, whether the deed of Betsey Flagg to Fisk & Hudson, the grantors of the tenant, made under duress, as the verdict of the jury has found, could be avoided by her entry ; so as that her deed, subsequently made to the demandants, passed the freehold to them.
It has been contended, that an instrument apparently legal and sufficiently formal cannot be avoided otherwise than by plea for duress, which renders such instruments voidable, but not absolutely void. The position has been supported by reference to books of authority, and is undoubtedly correct, when applied to executory contracts under seal. For, on the issue of non est factum, it is not competent to the defendant to show matter in evidence which goes only in avoidance of the contract; and the reason given is, that the instrument remains the deed of the party, notwithstanding its liability to be avoided, until plea pleaded ; so that he cannot in truth say, that it is not his deed. But this doctrine cannot apply to contracts executed, such as deeds for the conveyance of land ; for in such cases there may be no opportunity for the suffering * party to plead the matter which may avoid the deed. For the deed conveys the seizin to the grantee, and he may maintain an action upon that seizin, without making profert of, or declaring upon, his deed. So that, if the grantor could not avoid it without a special plea, he would be wholly without remedy. We, therefore, think, that an entry upon the grantee in such case, with a view to avoid a deed so given, would enable him to maintain his title* *302 he proving that the deed was extorted by duress. This entry must be made by the grantor, or his heirs, within twenty years from the delivery of the deed, or their right of avoiding it will be lost.
It is a general principle, that, when infancy is set up in defence against a deed, it must be in the form of a special plea ; infancy not making a deed void, but voidable ; and yet it is held, that an infant, who has conveyed his land by deed of feoffment, or by bargain and sale enrolled, may, by entry, either within age, or after, if he has not assented to the conveyance after coming of age, revest the title in himself. The requisition of a plea of infancy is undoubtedly applicable only to executory contracts ; and the same distinction will apply to the defence of usury or duress. For, in all these cases, where the party is sued upon the contract, he must show by plea, that, although he made the deed, it ought to have no force or effect in law. But, when title is claimed under a deed which of itself has executed and finished the contract, the defendant may show in evidence the facts which authorize him to avoid the deed.
Until a deed so made is avoided, no subsequent conveyance by the grantor can be good ; because he would not be seized of the land, and none but himself, or his heirs, can set up a right to avoid a deed for infancy or duress ; these being matters in defence, which he may waive if he see fit; so that the title will remain good to the grantee, by virtue of such deed, until the grantor shall lawfully disaffirm it.
He can do it only by entry ; but, having entered, his * subsequent deed, accompanied by proof of facts tending to avoid the first, will convey a title.
In the case of Hills vs. Eliot, (7) it was held, that the second assignee of a mortgaged estate might, under the issue of non dissesivit, prove that a prior assignment was made upon a usurious consideration, and so was void; and this because, not being a party to the first assignment, he might not know the facts which rendered the instrument of assignment void, seasonably for pleading them. This was an executory contract, the assignment showing, upon the face of it, that it was given as security for a debt.
It has been objected, that, although the entry of Betsey Flagg might have availed her against Fisk Hudson, her grantees, while they remained seized of the land, yet that it ought not to avail against the tenant, who was a bond fide purchaser, ignorant of the defective title of his grantors. But we know not how to limit the right of one, who has been deprived of his estate by violence, from reclaiming it, into whose hands soever it may have come ; provided public declaration of his intention be made by entry, within the lawful time of entry, [†
*303 The difficulty is as great, when a title is purchased of one who holds only by grant from an infant, or who has obtained a deed by imposition, or advantage taken of the imbecility or want of capacity of his grantor. In all such cases the maxim, caveat emptor, is applicable, and the purchaser must secure himself by covenants, as in other cases of defective title.
In the argument for the tenant, it has been urged, that the acknowledgment of the deed by the grantor before a justice of the peace, after the execution of it, prevented her from avoiding it on account of duress ; and it was likened to the case of a deed of bargain and sale in England, which has been acknowledged in order to be enrolled.
If there be no difference between the acknowledgment required by our statute, and that which is required in England, preparatory to enrolment, the grantor would be * estopped here, as he seems to be there, to aver duress. But there is a material difference in the mode of acknowledgment in the two countries, and in the solemnity attending it. In England the acknowledgment must be made before some judge, or some court of record ; and the practice is, to make actual inquiry as to the circumstances under which the deed was executed. Here the acknowledgment is taken before a common magistrate ; and it is seldom that any inquiry takes place. And our legislature seems to have considered the fact of acknowledgment as of very trivial importance. For, in the same statute which makes acknowledgment one of the formalities, it is provided, that, when the grantor shall refuse to acknowledge the deed, the testimony of the subscribing witnesses, that it was voluntarily executed, shall have the same force as if the grantor had acknowledged it. The justice is not authorized to inquire into the reasons of the refusal; nor can he receive any evidence against the testimony of the subscribing witnesses, who may, and most probably would, be confederates with the grantee, or, at least, aiding and assisting him, in case of a deed obtained by duress. It was not intended by the legislature to deprive the grantor of the right to show that he never consented to the deed, by this summary process before a justice ; nor can we suppose that its equivalent, the acknowledgment, was intended to have this effect.
It is not an extravagant supposition, that, where a party has been so far overcome by restraint of his person, or by his fears, as to execute a deed without any lawful consideration, the same influence may continue until after its acknowledgment; and threats of renewing an imprisonment, or of inflicting personal mischief, if the grantor shall not perfect the conveyance by acknowledging it before a magistrate, may be as effectual in producing the acknowledgment as similar practices had been in coercing the execution. A voluntar) *304 and free acknowledgment, before a disinterested and judicious magistrate, especially * if there were any considerable interval between the execution and acknowledgment, would be, in most cases, strong, if not conclusive, evidence with a jury, against the allegation of duress. But it can only be evidence, and cannot estop any inquiry into the subject.
It is said, that a deed made under duress cannot acquire force afterwards by a voluntary delivery, after the «arty is at large. There is certainly as much reason why it should not become operative merely by an acknowledgment before a justice of the peace. Nor is it like the case of a feoffment with livery and seizin ; because the notoriety attending this mode of conveyance gives full opportunity for a party, who would avoid it by suggestion of duress, to claim protection and resist the coercion of the other party. We must suppose that the improbability of duress, under the circumstances with which the deed in this case appeared before the jury, was urged upon their consideration; but was not thought sufficient to countervail the proof offered by the demandants.
With respect to the capacity of the demandants to take by purchase and to hold real estate, we cannot deny to towns such right; since, by the immemorial usage of the country, it appears to have been an incident to their corporate powers. As early as the year 1679, provision was made by a colonial act respecting lands, woods, &c., owned by towns in their corporate capacity ; and authority was given to the inhabitants, by vote of the major part, to dispose of the same by grant of lots for settlement ; (8) and it is well known, that many towns, at this day, are owners of real estate, which they hold in their corporate capacity, other than such as may be necessary to erect schoolhouses and other public buildings upon.
Whether the inhabitants of a town can be assessed, to raise money for the purchase of lands, to be used for any other purpose than the execution of some lawful requisiton, is a different question. But there seems to be no * reason why there may not be a gift or a devise to the inhabitants, [†
We do not determine, that the acceptance of a deed by the overseers or other officers of the town, the consideration of which imposes upon the inhabitants any expense or burden, will create a contract on the part of such town ; or that the grantor, in such case, may not avoid a deed of which such obligation is the only consideration. But, in this question, the tenant has no lawful interest; because such a deed is good, until avoided by the grantor himself, or by some one privy in estate.
*305 The deed set up by the tenant being wholly avoided, he must be considered as a disseizor; and, if the demandants’ title were not es tablished, no new force would be given to that deed. The demand-ants became lawfully seized, on the delivery of the deed to them by Betsey Flagg; and will remain so until the estate expires, or is transferred by them, or is resumed by the grantor, in consequence of her choosing to avoid this deed as well as the other.

Judgment on the verdict.

 12 Mass. Rep. 26.

 See 2 Hill. Abr. 406, and cases cited. — Ed.]

 Ancient Charters, &c., 195.

 See 3 Pick. 240 ; 2 Hill. Abridg. 469; Rev. Stat. Mass. Chap. 15, § 11. — Ed.]