## MARTHA LARRABEE *vs.* INHABITANTS OF PEABODY.

Essex. November 6, 1879. — June 25, 1880.

A town is not liable to a person, who has been visiting a public building of the town for the purpose of attending an entertainment of a society, to which the free use of the building had been given, for an injury received by falling into a trench near the building and outside of the highway; and the fact that, before the accident, the town had occasionally let the building for meetings and entertainments, is immaterial.

MORTON, J. The plaintiff was injured by falling into a trench near a public building used for a town-house and school-house, and brought this action of tort against the town to recover damages for the injury. It is not contended that the town is liable as for a defect in a highway. The trench was not in the highway, nor in dangerous proximity to it. But the plaintiff contends that the trench was in dangerous proximity to the way or path leading to the town-house; and that the town is liable to the same extent as a private owner who invites persons to enter his hall would be. If we assume, in favor of the plaintiff, that, upon the evidence, a private owner would be liable to her for her injury, yet we are of opinion that the town is not liable. The only ground upon which it is contended that a city or town is liable for defects in, or negligence in the repair or management of, a building owned by it, is that, at the time the liability attaches, it is using the building for emolument or profit, as a private owner might. *Oliver* v. *Worcester*, 102 Mass. 489. *Hill* v. *Boston*, 122 Mass. 344. In the present case, this element of liability is wanting. The plaintiff visited the town-house for the purpose of attending an entertainment given by

a temperance society. It appeared that, on this occasion, and during the previous summer, the society had the gratuitous use of the hall for their meetings. The town received no compensation or profit from the use. The case, therefore, is not within the reason of the rule relied upon, which creates a liability of the town. The fact that the town had before this occasionally let the town-house for public meetings and entertainments, is immaterial. Such occasional lettings would not create a permanent and continuing liability. The liability, if any, attaches because the town deals with and uses the public building for the purposes of profit, as a private enterprise, and it continues only so long as it thus uses it. *Exceptions overruled.*

*S. C. Bancroft*, for the plaintiff.

*H. Wardwell*, for the defendant.