LUMAN W. LAWRENCE et al.

*v.*

JUDSON C. PROSSER, executor, et al.

[Decided September 16th, 1918.]

1. A testator may lawfully bequeath to a town money to be used for the erection of a memorial monument in that town. *Detwiller* v. *Hartman, 37 N. J. Eq. 347,* approved and followed.

2. A municipal corporation has, by the common law, without the aid of a statute, power to take such a bequest. *Guild* v. *Newark,* 87 N. J. *Eq. 38,* followed.

3. The statutes of Maine, where the municipality is situated, sanction the acceptance of the bequest.

On bill, &c.

The will of Mrs. Emma H. Dean, after giving certain legacies, including a life interest, and directing the conversion of her property into cash for investment, provided as follows:

> "After the death of said Luman Warren Lawrence I order and direct the said Judson C. Prosser to turn over to the town of Bucksport, Maine, the balance of said sum, including all interest, accumulations and additions thereto, less the amount paid during the lifetime of the said Luman Warren Lawrence and less the disbursements of the said Judson C. Prosser and his commissions for carrying out his duties as trustee and executor as hereinafter mentioned; the said sum to be received by the town of Bucksport, Maine, aforesaid, to be used by it for the express purpose of erecting a monument to the memory of my brother Luman Warren, the site of said monument and the details thereof to be left to the judgment and discretion of the proper town authorities."

*Mr. Scott German,* *Mr. Frank E. Bradner* and *Mr. Robert H. McCarter,* for the complainants.

*Mr. Gottlieb* and *Mr. Hugh B. Reed,* for the executor.

*Mr. Edward Q. Keasbey,* for the town of Bucksport.

STEVENS, V. C.

This seems to be a very simple case. The only question is whether Mrs. Dean could lawfully give her residuary estate to the town of Bucksport, for the erection of a monument to the memory of her brother, a prominent citizen of that town.

*First.* Could she lawfully give it for that purpose? That she could is decided in *Detwiller* v. *Hartman, 37 N. J. Eq. 347.* The decisions are all one way, and the very cases relied upon by complainants' counsel (*In re Ogden, 55 Atl. Rep. 933; In re Fancher, 103 Pac. Rep. 206*) assume that the right exists.

*Second.* Has the town of Bucksport capacity to receive the gift and apply it as directed? In the recent case of *Guild* v. *Newark, 87 N. J. Eq. 38,* I had occasion to consider the right of

the city of Newark to accept a gift of land for a park. I came to the conclusion that a municipal corporation had, by the common law, without the aid of statute, power to take such a devise. "Not only, it was said, may municipal corporations take and hold the property in their own right by direct gift, conveyance or devise, but the cases firmly establish the principle that such corporations, at least in this country, are capable, unless specially restrained, of taking property, real or personal, in trust for purposes germane to the objects of the corporation."

When one considers that civilized communities have in all ages adorned their ways and parks with memorials of the illustrious dead, it is idle to assert that columns and statuary have no proper place in them. Whether, without legislative authority, a municipality may or may not spend, upon objects of this character, money raised by taxation, it is certain that it may take them by gift or bequest. *Libby* v. *City of Portland, 105 Me. 374.*

The town of Bucksport has not only this common law right; it has legislative sanction besides. The Maine statute provides that

"any city or town may receive money by donation or legacy in trust for benevolent, religious or educational purposes; *for the erection of monuments* and for the benefit of public cemeteries and lots therein: provided that the city or town lawfully consents."

By the laws of this state, therefore, the testatrix has the right to make, and by the laws of the State of Maine, Bucksport has the right to receive a gift of this character.

I will notice briefly some of the objections made to its validity. It is said that the choice of the site and the details of the work are left to the discretion of the town, and that this invalidates it, on the principle applied in *Smith* v. *Smith, 54 N. J. Eq. 1.* It is obvious that the discretion here given is not wider than that which, in a gift of this kind, is generally and necessarily given. If testator directs a house to be built for his widow or child, or a portrait to be painted, is the direction invalidated because he leaves the details of the work to the discretion of the person to whom it is committed?

Again, it is said that the bequest is void, because it violates the rule against perpetuities. The will directs the money to be applied not for maintenance, but for construction, and construction only. To the case of such a bequest the law of perpetuities can have no application unless the construction be postponed to a period exceeding a life or lives in being and twenty-one years. There is a palpable fallacy underlying much of complainants' argument on this head. It is that because a monument is likely to last beyond the legal period, the case is one of perpetuity. The same might be said of any structure likely to endure. The case of *Morristown Trust Co.* v. *Morristown, 82 N. J. Eq. 521*, is appealed to. Testator made a bequest of money for the bronze and granite base of a flag-staff in a public park. Vice-Chancellor Howell held that it was void. The case was correctly decided, for the base was to be built with the consent of the trustees of the park and this consent was refused. That was the main ground of decision. The statement, no doubt inadvertently made, that the gift infringed upon the rule against perpetuities, was obviously erroneous, if the structure was to be completed and handed over within the legal time.

A considerable part of the argument was devoted to the question of the meaning of the word "monument." Does it mean a shaft or a statue, or does it mean a building, like a library or town hall, that would come within the definition of a charity? In the view I have taken the question is not now material. Whether testatrix intended a charity or not, her gift was to have its full effect within the legal period, and so, in either aspect, is valid.