Robert E. YOUNG, Jr.

v.

**GREATER PORTLAND TRANSIT
DISTRICT, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 4, 1987.
Decided Dec. 22, 1987.

Peter J. DeTroy, III (orally), Norman, Hanson & DeTroy, Portland, for plaintiff.

Paul Douglas (orally), Platz & Thompson, Lewiston, for Peerless Ins. Co.

Edward J. Kane (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for Greater Portland Transit Dist.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Plaintiff Robert E. Young, Jr., appeals from an order of the Superior Court (Cumberland County) granting summary judgment in favor of defendants, Greater Portland Transit District (the District) and Peerless Insurance Company (Peerless). On appeal plaintiff argues that the District is not protected by the provisions of the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118 (1980 & Supp.1987), and

therefore the Superior Court erred in granting summary judgment based on plaintiff's failure to comply with the Act's 180–day notice provision and two year statute of limitations. With regard to his claim against Peerless, plaintiff contends the Superior Court erroneously upheld a clause excluding governmental vehicles from the terms of insurance coverage for uninsured motorists. We affirm the judgment for the District and vacate the judgment granted to Peerless.

## I.

In 1983, plaintiff brought a negligence action against the District alleging that he received personal injuries while riding in a vehicle that was struck by a bus owned by the District. The original answer filed on behalf of the District by its insurance carrier included no affirmative defenses based on the Maine Tort Claims Act. Subsequently, it was determined that the District's insurer was insolvent. A stay of the action was granted to permit amendment of the complaint to include the claim against Peerless, plaintiff's insurer under two policies providing uninsured motorist coverage. Peerless answered the complaint and moved for summary judgment. Ultimately, the District amended its answer to raise the notice of claim provision (14 M.R.S.A. § 8107) and the statute of limitations (14 M.R.S.A. § 8110) of the Maine Tort Claims Act and then moved for summary judgment.[1] The Superior Court granted summary judgment on both motions and it is from this order that plaintiff appeals.

## II.

With regard to the judgment rendered in favor of the District, plaintiff agrees that he did not provide a notice of claim and that suit was not commenced within two years. Plaintiff, however, challenges the applicability of the Maine Tort Claims Act on three grounds. First, plaintiff contends that the District is not a governmental entity under the terms of the Act. Alternatively, plaintiff argues that a governmental entity engaged in a proprietary function has no immunity. Finally, he contends that the Act is inapplicable because statutory language authorizing the District to "sue or be sued" constitutes an express waiver of governmental immunity. We disagree on each point.

The District was formed pursuant to the provisions of 30 M.R.S.A. § 4971 (1980) that authorize one or more municipalities to form a transit district and provide that "[t]he district so formed shall be a body politic and corporate." The notice of claim and limitation provisions of the Maine Tort Claims Act apply to any claim against a "governmental entity", including a political subdivision defined as follows:

> 'Political subdivision' means any city, town, plantation, county, administrative entity or instrumentality created pursuant to Title 30, Chapters 203, 204 and 239, quasi-municipal corporation and special purpose district, including, but not limited to, any water district, sanitary district, hospital district and school district of any type.

14 M.R.S.A. § 8102(3) (1980).

We have previously stated that in "the absence of any manifest legislative intent to the contrary, statutes must be construed in accordance with the natural import of the terms used without resort to subtle and forced constructions for the purpose of limiting or extending their operation." *Anderson v. Cape Elizabeth School Bd.,* 472 A.2d 419, 421 (Me.1984). We agree with the Superior Court that the District constitutes a "quasi-municipal corporation" or "special purpose district" within the terms of the statute.[2]

---

1. Plaintiff also claims on appeal that the Superior Court erred in allowing the District to amend its answer three years after the action was commenced. The opinions of this Court and M.R. Civ.P. 15(a) require that leave to amend be "freely given." *See Barkley v. Good Will Home*

*Ass'n,* 495 A.2d 1238, 1240 (Me.1985). We find no abuse of discretion in the present case.

2. Plaintiff seeks to overcome the general and inclusive language contained in section 8102(3) by relying on the maxims *ejusdem generis* and *expressio unius est exclusio alterius.* Such rules

Plaintiff next claims that the common law distinction between the governmental and proprietary acts of a municipality survives the Maine Tort Claims Act.[3] Such a claim is without merit. In reformulating the doctrine of sovereign immunity the Maine Legislature employed an "exception-to-immunity" approach rather than an "exception-to-liability" approach. Accordingly the Act provides that governmental entities shall be immune from suit "[e]xcept as otherwise expressly provided by statute." 14 M.R.S.A. § 8103 (1980); *see Faucher v. City of Auburn*, 465 A.2d 1120, 1124 (Me. 1983). The general grant of immunity contained in section 8103 displaces any common law doctrine of liability. Plaintiffs claim against the District must be predicated upon an exception referred to in section 8103 and is subject to the requirements of sections 8107 and 8110.

Plaintiff's final effort is equally unavailing. The Act acknowledges the validity of any other statute that "expressly provides a waiver of governmental ... immunity." 14 M.R.S.A. § 8113(2). We have previously noted that a waiver of governmental immunity is not to be implied, *Drake v. Smith*, 390 A.2d 541, 543 (Me.1978). Moreover, we have recognized the need to narrowly construe express waivers. *Clockedile v. State Dept. of Transportation*, 437 A.2d 187, 189 (Me.1981). The District, like nearly every other municipal entity in the State of Maine, is granted the right to "sue [or] be sued" by the terms of its statutory charter. 30 M.R.S.A. § 4971 (1986). Plaintiff asks this Court to interpret the authorization for the District to "be sued" as an express waiver of governmental immunity. We have previously held that an identical clause did not serve as a waiver of common law governmental immunity, *Nelson v.*

*Maine Turnpike Authority*, 157 Me. 174, 179, 170 A.2d 687, 690 (1961), and the result is even clearer when measured against the requirements of section 8113(2). We conclude that the District is protected by the provisions of the Maine Tort Claims Act.

### III.

Plaintiff contends that the Superior Court erred in granting summary judgment in favor of Peerless. Each Peerless policy excludes from the definition of "uninsured motor vehicle" a vehicle owned by a governmental entity.[4] Plaintiff argues that such exclusionary clauses are repugnant to the following statutory mandate:

No policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any such vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or hit-and-run motor vehicles, for bodily injury, sickness or disease, including death, resulting from the ownership, maintenance or use of such uninsured or hit-and-run motor vehicle. The coverage herein required may be referred to as "uninsured vehicle coverage."

24–A M.R.S.A. § 2902(1). In upholding the governmental vehicle exclusions, the Superior Court relied on statements made by this Court that the uninsured motorist statute is designed to protect the insured motorist from the financially irresponsible driver. *See, e.g., Wescott v. Allstate Ins.,*

---

of construction have no application to an unambiguous statute, *State v. Millett*, 392 A.2d 521, 525 (Me.1978) and should not be used to defeat the clear expression of an intent to include.

**3.** The common law distinction is described in *Libby v. City of Portland*, 105 Me. 370, 372, 74 A. 805, 806 (1909).

**4.** One policy stated the exclusion as follows: "Uninsured motor vehicle" does not include any vehicle:

(b) Owned by a governmental unit or agency. § A(3)(b).
The second policy provided:
The term "uninsured highway vehicle" shall not include:
(3) A highway vehicle owned by any federal, state, territorial, provincial or municipal government, or a political subdivision, department or agency of any of them. Part I.

397 A.2d 156, 166 (Me.1979); *Brackett v. Middlesex Ins. Co.*, 486 A.2d 1188, 1190 (Me.1985). Peerless argued successfully before the Superior Court that governmental entities are rarely financially irresponsible and therefore the exclusion of governmental vehicles, even if such vehicles are uninsured, contravenes neither the terms nor the purpose of the statute. We disagree.

Peerless mistakenly relies on general statements concerning the purpose of the uninsured motorist statute and ignores the actual language of that statute. It is true, as we recently stated in *Lanzo v. State Farm Mut. Auto Ins. Co.*, 524 A.2d 47, 50 (Me.1987), that the "legislative focus in enacting section 2902(1) was to provide recovery for injuries caused by financially irresponsible drivers." It is critical to note, however, that the Legislature mandated coverage for all uninsured motorists, without differentiating between the financially responsible and the financially irresponsible. Notwithstanding the motivation for the enactment of section 2902(1), coverage is mandated for all uninsured motor vehicles without regard to the fact that certain uninsured drivers may be financially responsible. We are aware that there is a split of authority in other jurisdictions. *See* 1 A. Widiss, *Uninsured and Underinsured Motorist Insurance* § 8.8 (2d ed. 1987) (hereinafter 1 A. Widiss). Although the issue before us turns strictly on an interpretation of the Maine statute, we take comfort in the fact that our interpretation is confirmed by other jurisdictions. *See, e.g., Vaught v. State Farm Fire & Casualty Co.*, 413 F.2d 539 (8th Cir.1969).[5]

■ Having determined that the exclusion of governmental vehicles from coverage is not authorized, we are required to consider whether recovery on the uninsured motorist claim is precluded by the fact that the underlying action against the District is barred by the applicable statute of limitations. Both section 2902(1) and the Peerless policies refer to the insured as persons "who are legally entitled to recover damages" from owners or operators of uninsured motor vehicles. Because plaintiff's claim against the District is barred by his failure to comply with the notice provisions and the two year statute of limitations, Peerless argues there is no enforceable claim under the policy because plaintiff "is not legally entitled to recover damages" from the District.

Peerless does not directly contend that plaintiffs' uninsured motorist claim is barred by the failure to bring the claim within the statute of limitations applicable to the owner of the uninsured vehicle, but indirectly, Peerless presents the same argument by contending there is no entitlement to recovery. The great weight of authority in other jurisdictions supports the application of the contract statute of limitations to uninsured motorist claims. *See, e.g., Sahloff v. Western Casualty & Surety Co.*, 45 Wis.2d 60, 171 N.W.2d 914 (1969). *See generally*, 1 A. Widiss § 7.7 (and cases cited therein). The phrase "legally entitled" as used in section 2902(1) principally serves to require that the injuries result from the negligent conduct of an uninsured motorist. 1 A. Widiss § 7.1. Section 2902 makes no reference to any statute of limitations and does not by its terms require the application of the two year statute of limitations applicable to the District. As used in the policy, the phrase "legally entitled", is far too ambiguous to impose a requirement of compliance with the statute of limitations applicable to a tort claim against the uninsured motorist. In the absence of more explicit language in the policy, we see no reason to apply any statute of limitations other than the statute applicable to contract actions. We recognize that our holding could impair the subrogation rights granted to the insurer by section 2902(4), but the insurer has other means available to it to protect those rights. In any event, subrogation rights are generally of little practical importance in this area of the law. 1 A. Widiss § 7.6

---

5. We reject the argument that the clause "subject to the terms and conditions of such coverage" contained in 24–A M.R.S.A. § 2902(3) authorizes a limitation of the coverage mandated in subsection 1.

at 205. *See also Wescott v. Allstate Ins.,* 397 A.2d at 165.

We conclude that the Superior Court erred in granting summary judgment for Peerless on the basis of the exclusions from coverage. Further we conclude that the court's judgment cannot be sustained on the ground that plaintiff is not "legally entitled" to recover from the uninsured motorist.

The entry is:

Judgment in favor of Greater Portland Transit District affirmed.

Judgment in favor of Peerless Insurance Company vacated and remanded for further proceedings consistent with the opinion herein.

All concurring.