IRVING, J.,
Dissenting.
¶ 29. The majority finds the chancellor must have made an indirect finding that Gary Robberson was not a bona fide purchaser for value without notice. Because I find the evidence wholly insufficient to support such a finding, I respectfully dissent. I would reverse and remand the chancellor’s decision, as I find that the chancellor applied an incorrect legal standard in reaching his decision.
¶ 30. As the majority aptly points out, the chancellor did not specifically find that Robberson had notice of any possible defect in Rickey Dewayne Fikes’s chain of title. More specifically, the chancellor did not find that Robberson knew or should have known that Fikes obtained title to the property from his wife, Nancy Wheeler Fikes, by placing Nancy under fear and duress. Nor did the chancellor specifically find that there were circumstances which placed Robberson on notice of inquiry. Stated another way, the chancellor did not find that Robberson had sufficient knowledge concerning a possible defect in Rick *1274 ey’s chain of title that would require Rob-berson to conduct further investigation to satisfy himself that Rickey possessed good title. In fact, in the judgment, the chancellor made no findings at all. I quote the final judgment in its entirety:
These matters having been consolidated for trial and having come on for hearing and the Court having considered the pleadings, having heard the evidence, having heard the argument of counsel, and having announced a bench opinion in open Court enters its judgment as follows, to-wit:
I.
That this Court has jurisdiction over the persons and the subject matter of this cause.
II.
The land involved in these consolidated proceedings is described as follows, to-wit:
22 ½ acres, more or less, in the Southwest Quarter of Section 17, Township 11 South, Range 9 East, described as follows: Beginning where Highway 25 Crosses the South boundary line of the Southwest Quarter of Section 17, Township 11 South, Range 8 East, thence East 100 Rods along and with the South boundary line of said section to the Southeast corner of said section, thence North 42 1/5 rods along the East line of said Quarter section to a stake, thence due West 80 Rods to a stake just West of the road (Highway 25), thence Southwest along the meanderings of said Highway to the point of beginning being and situated in Itawamba County, Mississippi. TRACT II:
27 1/4 acres, more or less, in the Northwest Quarter of Section 20, Township 11 South, Range 9 East, described as follows: Beginning at the Northeast corner of said Quarter section and running South 40 Rods, thence West approximately 115 Rods to the East line of the right-of-way of New Highway No. 25, thence North-wardly along the East line of said right-of-way to the North boundary line of said Quarter section, thence East approximately 103 Rods to the point of beginning being and situated in Itawamba County, Mississippi.
III.
That certain deed dated March 13, 1995, made by Nancy Wheeler Fikes to Ricky Dewayne Fikes [sic], which instrument was recorded in the Office of the Chancery Clerk of Itawamba County, Mississippi, in Book 454 at pages 230-231 and that certain deed dated August 28, 1995, made by Ricky D. Fikes [sic] to Gary Edward Robberson, which instrument was recorded in the Office of the Chancery Clerk of Itawamba County, Mississippi, in Book 458 at pages 554-555 are declared and adjudged void and are cancelled and title to the subject property is quieted against Ricky D. Fikes and Gary Edward Robberson.
TV.
All additional relief sought in these consolidated cases, specifically including the partition of the above-described real property is denied and the causes stand dismissed.
V.
The Chancery Clerk of Itawamba County, Mississippi, shall make an appropriate entry of this Judgement in the land records of Itawamba County, Mississippi.
*1275 ORDERED, ADJUDGED AND DECREED, THIS 13th DAY OF July, 2005.
¶ 31. Although the chancellor made no findings of fact in his judgment, he did render a bench opinion at the close of the evidence. However, as is evident from the judgment quoted above, the chancellor did not incorporate his bench opinion into his judgment. Nevertheless, I have perused the bench opinion in a fruitless effort to find support for the majority’s position.
¶ 32. In the bench opinion, the chancellor, relying upon Warren v. Brown, 25 Miss. 66 (1852) and Worcester v. Eaton, 13 Mass. 371 (1816), voided the deed from Nancy to Rickey and from Rickey to Robberson. This is what the chancellor said in part:
According to the case of Inhabitance [sic] of Worcester versus Eaton, 13 Mas. R. 376, where it was contended that duress did not affect a bonafided purchaser innocent of the force employed. The courts say, “We know not now [sic] to limit the right of one who is deprived of his estate by violence from reclaiming it into whose hands so ever it may come. The difficulty is as great when one falls under a deed acknowledged by an infant.”
And they go on to quote the Wheeler versus Wheeler case, [in] which is cited the Opinion of Lord Eldon who says, “I should regret that any doubt should be entertained whether it is not competent for a court of equity to take away from third persons the benefits which they have derived from the fraud, imposition or undue influence of others.”
Now, the Court went on finally — without burdening you with all of the statements set forth in it — came ultimately to the conclusion. Justice Yerger delivered the opinion of the Court, and I come to the last part of it. He says, “The record before us contains no suggestion of fraud in the debt which the defendants seek to collect. Was made subsequent to the lease to Mrs. Warren [sic].”
Here, the deed to Mr. Robberson was made subsequent to the deed that Nancy had purportedly given to her husband.
And here’s what the Court said, “Under such circumstances, we think a court of equity will protect her right to the property.”
So, gentlemen, based on the proof before this Court today and these findings of fact that I’ve noted here, this Court finds that this deed is absolutely void and hereby sets it aside. The petition for partition is accordingly dismissed because there is no basis for it, and that is the ruling of this Court.
Mr. Malski, if you would prepare the decree and submit it to Mr. Smith for his approval as to form only and tender it to this Court, the Court will enter the same. With that, Court is adjourned for the day.
¶ 33. It is clear that the chancellor made no finding that Robberson was on notice that Rickey had obtained title to the property by duress. Indeed, it does not appear that the chancellor even considered this aspect of the case, relying instead on the notion that a deed made under duress conveys no title, not even to a bona fide purchaser for value without notice. A review of the chancellor’s bench opinion reveals that the chancellor focused entirely on the issue of duress, not on the issue of a bona fide purchaser for value without notice, although the chancellor was keenly aware that the latter was an issue requiring resolution. By focusing entirely on the duress issue, the chancellor failed to apply the law of this state. Whatever the law may have been in 1852, today the law is that a bona fide purchaser for value with *1276 out notice takes to the exclusion of an earlier grantee who fails to timely record his deed. West Center Apartments, Ltd. v. Keyes, 371 So.2d 854, 856 (Miss.1979) (citing Mayes v. Thompson, 128 Miss. 561, 91 So. 275 (1922)). For the reasons presented, I dissent.
CHANDLER AND BARNES, JJ., JOIN THIS SEPARATE WRITTEN OPINION.