2009 ME 58

**STATE of Maine**

v.

**John AUCLAIR.**

Supreme Judicial Court of Maine.

Argued: May 19, 2009.

Decided: June 9, 2009.

———

Mandi Odier–Fink, Esq. (orally), Bangor, ME, for John Auclair.

R. Christopher Almy, Dist. Atty., Susan J. Pope, Asst. Dist. Atty. (orally), Bangor, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and CLIFFORD, LEVY, SILVER, MEAD, and GORMAN, JJ.

MEAD, J.

[¶ 1] John Auclair appeals from a judgment of conviction of gross sexual assault (Class B), 17–A M.R.S. § 253(2)(D) (2008), entered in Superior Court (Penobscot County, *Murphy, J.*) upon a jury verdict finding him guilty. He argues that the court abused its discretion in excluding statements made by Sherry DePhilippo prior to her death. Sherry, a friend of the victim, had socialized with Auclair and the victim on the night of the assault and had spoken with a private investigator hired by Auclair about the incident. Three days after this conversation, Sherry died in a car accident. Before his trial, Auclair made a motion in limine to introduce the transcript of the conversation that took place between Sherry and the private investigator. In his motion, Auclair argued that, because Sherry was unavailable to testify at his trial and her statements would have caused the victim to hate Sherry, Sherry's statements were admissible pursuant to the social interest exception of M.R. Evid. 804(b)(3).

[¶ 2] A hearsay statement is admissible if the declarant is unavailable to testify and the statement is against the declarant's pecuniary or proprietary interest, penal interest, or social interest. M.R. Evid. 804(b)(3). As defined in the Rule, a statement against a social interest is one that "make[s] the declarant an object of hatred, ridicule, or disgrace, [such] that a reasonable person in the declarant's position would not have made the statement unless believing to be true." *Id.* Although not expressly stated in the Rule, if the social interest exception is to have any practical significance, it must be read to encompass the response of the community at large— that is, the hatred, ridicule, or disgrace that occurs must arise in the community. Otherwise, all hearsay statements that simply arouse ire or offense in one person or a small group of people would be admissible when the declarant is unavailable. As evidenced by the other types of statements against interest, Rule 804(b)(3) clearly anticipates a much more profound personal risk.

[¶ 3] Because the record fails to establish that the statements Auclair sought to admit would have subjected Sherry to hatred, ridicule, or disgrace in the community, their exclusion by the court was certainly not an abuse of discretion. *See State v. Cochran,* 2000 ME 78, ¶ 10, 749 A.2d 1274, 1278. Auclair's other arguments on appeal are without merit. We therefore affirm the judgment.

The entry is:

Judgment affirmed.