2009 ME 53

**Amanda Sue WILCOX et al.**

v.

**CITY OF PORTLAND.**

Supreme Judicial Court of Maine.

Argued: April 15, 2009.
Decided: May 14, 2009.

Mark E. Dunlap, Esq. (orally), Norman, Hanson & DeTroy, LLC, Portland, for the City of Portland.

Ivy L. Frignoca, Esq. (orally), Samuel K. Rudman, Esq., Teresa M. Cloutier, Esq., Lambert Coffin, Portland, for Mark Hudson and Hayley Saunders.

Kristin M. Collins, Esq., Richard P. Flewelling, Esq., Maine Municipal Association, Augusta, for amicus curiae Maine Municipal Association.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

ALEXANDER, J.

[¶ 1] The City of Portland presents an interlocutory appeal from the judgment of the Superior Court (Cumberland County, *Warren, J.*) denying the City's immunity-based motion for summary judgment in thirteen consolidated actions, but granting its motion for summary judgment on statute of limitations grounds in four cases. Mark Hudson and Hayley Saunders, plaintiffs in two of the thirteen consolidated actions, cross-appeal from the Superior Court's entry of a summary judgment in favor of the City with regard to their claims. We dismiss the appeal and cross-appeal in these consolidated cases as interlocutory and not subject to any exception to the final judgment rule.

## I. CASE HISTORY

[¶ 2] The International Marine Terminal (IMT) is composed of two century-old buildings owned by the City of Portland on the Portland waterfront. From the early 1970s through 2004, the City principally leased the IMT to various shipping companies that offered ferry service between Portland and Yarmouth, Nova Scotia. The City's most recent tenant providing this service was Scotia Prince Cruises Ltd., the third-party defendant in this action.

[¶ 3] Beginning in the late 1990s, the IMT experienced significant leakage and water infiltration. The summary judgment record indicates that during this period, a number of individuals working in the IMT began experiencing respiratory problems and other health-related issues. In 2004 and 2005, tests confirmed a significant mold presence in the IMT causing the release of biotoxins into the air. After those reports were issued, the IMT was substantially abandoned by those who had previously worked in it.

[¶ 4] In 2006 and early 2007, thirteen individuals who had formerly worked in the IMT filed separate lawsuits against the City alleging that as a result of negligent maintenance and repair of the IMT, they had been exposed to airborne biotoxins emanating from mold, and had developed various illnesses causing them damage. Most of the individuals filing suit had been employees of Scotia Prince Cruises Ltd. However, some individual actions involved plaintiffs who had worked for Nova Scotia Tourism and the United States Customs and Border Protection Service, both of which had workspace in the IMT. The pending actions were consolidated by order of the Superior Court in late 2006; later filed actions were subsequently joined.

[¶ 5] After the actions were filed, the City filed a third-party complaint against Scotia Prince Cruises Ltd. seeking indemnity, pursuant to the lease agreement for claims by those who had not been employees of Scotia Prince Cruises Ltd. The City's third-party complaint was based on provisions of the rental agreement with Scotia Prince Cruises Ltd. requiring the tenant to: (1) indemnify the City and hold it harmless from claims resulting from the tenant's use or occupation of the premises, and (2) purchase general liability insurance and protection and indemnity insurance and name the City as an additional insured in the tenant's insurance policies. The

lease also required that insurance procured by the tenant to cover various workers' compensation claims pursuant to federal maritime laws must waive any and all rights of subrogation against the City, presumably to protect the City from subrogated claims arising from workplace illnesses or injuries.

[¶ 6] After the suits were consolidated, the parties and the court agreed to address pretrial issues in several stages, with the first stage focusing on the immunity defenses raised by the City. Accordingly, the City filed a motion for summary judgment addressing immunity claims pursuant to the Maine Tort Claims Act and related statute of limitations defenses. *See* 14 M.R.S. §§ 8101–8118 (2008). For reasons that are not entirely clear, the parties, according to the court, "deferred one immunity issue—whether the City has waived immunity (at least to some extent) because it is named as an additional insured on certain insurance policies obtained by third-party defendant Scotia Prince Cruises Ltd." By operation of 14 M.R.S. § 8116, the Maine Tort Claims Act immunity protections would not apply to any claims against the City that are covered by insurance acquired by the City or on the City's behalf.

[¶ 7] Following a hearing in which, apparently, Scotia Prince Cruises Ltd. did not actively participate, the court issued an extensive order denying the motion for summary judgment on the Maine Tort Claims Act immunity defenses asserted by the City. Within its order, the court found that summary judgment was precluded because there remained disputed issues of material fact as to whether: (1) the IMT, or parts of it, were controlled by the City or by the tenants; (2) the IMT was a public building as defined by the Maine Torts Claims Act, 14 M.R.S. § 8104–A(2); (3) the so-called "lease exception" to the

Maine Tort Claims Act applied, 14 M.R.S. § 8104–B(6); and (4) the City's decisions regarding building maintenance were ministerial acts or matters subject to discretionary function immunity pursuant to the Maine Tort Claims Act, 14 M.R.S. § 8104–B(3).

[¶ 8] Separately, the court determined that regardless of the outcome regarding the Maine Tort Claims Act immunity issues, statute of limitations provisions barred the claims by Mark Hudson and Hayley Saunders. Accordingly, the court entered a partial summary judgment in favor of the City with regard to the consolidated claims of those two plaintiffs. The court also granted summary judgment in favor of the City regarding the claims of two other plaintiffs who are not participating in this appeal.

[¶ 9] Rather than proceed to the next anticipated stage of the litigation, including, perhaps, addressing the insurance applicability issue referenced by the trial court, the City elected to file this appeal. Hudson and Saunders then filed a cross-appeal regarding the court's grant of judgment in the City's favor as to them.

[¶ 10] No party sought any further action from the trial court to sever the claims involving those individuals against whom the court had granted partial summary judgment pursuant to M.R. Civ. P. 21, or to seek findings and an order of partial final judgment pursuant to M.R. Civ. P. 54(b)(1).

## II. LEGAL ANALYSIS

### A. The City's Appeal

[¶ 11] The City recognizes that its appeal from the trial court's denial of its motion for summary judgment regarding the Maine Tort Claims Act immunity issues is an interlocutory appeal. It urges that its appeal is subject to the "immunity"

exception to the final judgment rule, which permits interlocutory appeals from the denial of motions to dismiss or motions for summary judgment when the legal issue presented for decision is whether the governmental entity is immune from suit by operation of law. *See Webb v. Haas,* 1999 ME 74, ¶ 5, 728 A.2d 1261, 1264; *Andrews v. Dep't of Envtl. Prot.,* 1998 ME 198, ¶ 4, 716 A.2d 212, 215.

[¶ 12] The "immunity" exception cannot justify the City's interlocutory appeal in this case. The Maine Tort Claims Act at 14 M.R.S. § 8116 specifies that the immunity provisions and protections of the Maine Tort Claims Act are inapplicable if the claims against the governmental entity are covered by an insurance policy indemnifying the governmental entity for such claims. Because the parties to this action, by choice, have left unresolved the question of the applicability of insurance to indemnify the City for the claims presented in this case, our consideration of the immunity issues pursuant to the Maine Tort Claims Act, at this stage in this appeal, would be premature. If it is later determined that some or all of the claims against the City in this action are covered by insurance, any resolution of the immunity questions, whether favorable or unfavorable to the City, would be purely advisory. We do not issue such advisory opinions. *Herrle v. Town of Waterboro,* 2001 ME 1, ¶¶ 9–12, 763 A.2d 1159, 1161–62; *State v. Brackett,* 2000 ME 54, ¶¶ 6–7, 754 A.2d 337, 339.

[¶ 13] We also note that, in this case, the trial court did not decide, as a matter of law, whether the key immunity provisions of the Maine Tort Claims Act did or did not apply. Instead, the court determined that there are factual disputes that need to be resolved regarding the applicability of the "lease" and "discretionary function" exceptions, whether the IMT was

a public building, and whether the portion of the premises causing the injury was controlled by the City or by private entities, before the court could address the legal issues relating to immunity.

[¶ 14] When immunity issues have underlying fact questions that must be decided before the trial court can determine the applicability of immunities as a matter of law, those fact questions must be resolved by the trial court. Denial of a motion for summary judgment based on the determination that the immunity issues cannot be resolved until fact-finding occurs is not a ruling subject to an interlocutory appeal before the trial court can make the necessary fact-findings. *See Rodriguez v. Town of Moose River,* 2007 ME 68, ¶¶ 16–17, 922 A.2d 484, 489 (stating that this Court will consider an interlocutory appeal with unresolved facts only if the parties do not dispute the facts). The trial court, not this Court, must make the findings of fact prerequisite to a determination of whether or not Maine Torts Claims Act immunities apply.

[¶ 15] The City also argues that, because the matter is presently before this Court, we should separately address the trial court's rulings regarding the applicability of the statute of limitations defenses; specifically when the causes of action at issue accrued, when the time for filing an action expired, and whether or not the so-called "discovery rule" should apply to the claims presented in this action. The City properly acknowledged at oral argument that preliminary statute of limitations rulings, particularly in areas that are heavily fact-based, usually are not subject to any exception to the final judgment rule. We see no basis to expand the exceptions to the final judgment rule to extend to statute of limitations issues as urged by the City. Accordingly, the City's appeal must be dismissed as interlocutory and not sub-

ject to any recognized exception to the final judgment rule.

## B. The Cross–Appeal

[¶ 16] Separately, Mark Hudson and Hayley Saunders urge that their appeals should be considered on the merits because the Superior Court, in ruling on these consolidated actions, has entered judgment against them.

[¶ 17] The thirteen claims of the individual plaintiffs have been consolidated into one action by the trial court for purposes of consideration of the case pursuant to M.R. Civ. P. 20(a). Maine Rule of Civil Procedure 54(b)(1) provides, in pertinent part, that absent an explicit order of the court entering final judgment as to fewer than all claims, any order or decision of the court:

> [W]hich adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

This rule is sometimes referred to as the "it ain't over till it's over"[1] provision of the civil rules. The rule recognizes that any ruling, even one that apparently resolves a particular party's claim or a particular issue in a case, is preliminary and not final until all the claims of all of the parties to the case have been resolved. Such a preliminary ruling may be reopened and reviewed by the trial court at any time before final judgment.

[¶ 18] No party to this consolidated action sought a Rule 54(b)(1) order,

with the necessary prerequisite findings, to enter a partial final judgment with regard to Hudson and Saunders. Without such an order and the explicit findings justifying such an order entered by the trial court, consideration of the preliminary rulings regarding Hudson and Saunders in this appeal would be premature. *See Guidi v. Town of Turner,* 2004 ME 42, ¶¶ 8–13, 845 A.2d 1189, 1191–93. Accordingly, we must dismiss, as interlocutory, the appeals of Hudson and Saunders from the court's rulings entered in the consolidated cases.

The entry is:

Appeals dismissed.

---

1. Yogi Berra, former New York Yankees catcher and member of the Baseball Hall of Fame, discussing the 1973 National League pennant race, as quoted in *Random House Webster's Quotationary* 569 (Leonard Roy Frank ed., 1999).