STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss.                                         CIVIL ACTION
                                                        Docket No. CV-09-87
                                                        Consolidated with
                                                        CV-06-444 et al.

CITY OF PORTLAND,

        Plaintiff,

    v.                                                  ORDER

ST. PAUL MARINE INSURANCE
CO., et al.,

        Defendants.


        Before the court are three motions: (1) a motion by defendant United National

Insurance Co. to dismiss; (2) a motion by defendants St. Paul Fire and Marine Insurance

Co. and St. Paul Surplus Lines Insurance Co. (collectively, the "St. Paul companies") to

stay this action; and (3) a motion by American Home Assurance Co. for summary

judgment.


1.    Motion to Dismiss and Motion to Stay

        The basis of the motions filed by both United National and the St. Paul

companies is the well-settled principle that determination of whether an insurer has a

duty to indemnify should ordinarily await the outcome of trial in the underlying action.

        In this case, however, the court will depart from that principle for two reasons.

First, under the Maine Tort Claims Act, 14 M.R.S. § 8116, whether and to what extent

the City of Portland can assert a defense of sovereign immunity to the claims brought

by plaintiffs in CV-08-444 et al. depends in part on whether the City has insurance

which "provides protection" in excess of the limit of liability in 14 M.R.S.A. § 8105 or in

areas where the City would otherwise be immune. In this instance, therefore, the question of liability and the existence of insurance are intertwined.

Moreover, because of the complexity of the underlying claims in this case – compounded by additional complexities with respect to the dates and nature of the possible insurance coverage provided by defendants – there may be issues in the underlying case which the insurers (as well as the plaintiffs and the City) should have an opportunity to litigate to the extent those issues affect coverage.

The court notes that one of the purposes of the well-settled rule that the question of indemnification should be considered after the trial of the underlying case is to avoid duplication of trials and to resolve issues of liability before issues of coverage. *See Penney v. Capitol City Transfer Inc.*, 1998 ME 44 ¶ 5, 707 A.2d 387, 389. Because of the interrelationship of insurance coverage with immunity under the Maine Tort Claims Act, that purpose is not served by dismissing the claims against defendant insurers as premature in this case.

Indeed, in declining to rule on the City's appeal on the immunity issues in CV-06-444, the Law Court expressly noted that its ruling would be "premature" because the applicability of insurance had not yet been resolved. *Wilcox v. City of Portland*, 2009 ME 53 ¶ 12, 970 A.2d 295, 298. This strongly points to the conclusion that the insurance issues cannot be deferred under the particular circumstances of this case.

To be sure, there may be certain issues with respect to insurance coverage that cannot be resolved until all or part of the underlying case has been tried.[1] There are other issues, however – such as the effect of "mold exclusions" in certain of the applicable policies – that are potentially capable of resolution at an initial stage. The

---

[1] One alternative on the table is that the liability issues in the underlying cases CV-06-444 et al. would be tried together, with separate damage trials to follow for those plaintiffs as to whom liability had been established.

2

outcome of these issues could in turn have the potential effect of simplifying both this case and the issues in the underlying cases brought by the Wilcox plaintiffs.

Accordingly, United National's motion to dismiss and the St. Paul companies' motion for a stay are both denied without prejudice to the possibility that at some point a stay may be warranted with respect to certain of the insurance coverage issues.

2.    American Home Assurance Co. Motion for Summary Judgment

American Home Assurance's motion is based on a simple premise: that it issued two sets of policies to Scotia Prince Cruises – a comprehensive marine liability policy and an excess policy for the period from August 30, 2002 to August 30, 2003 and similar policies for the period from September 30, 2003 to September 30, 2004 – and that the City of Portland was not a named insured or an additional insured under any of those policies.

Both the City and the individual plaintiffs in CV-06-444 et al. have responded by pointing out that the City had entered into certain contracts with Scotia Prince requiring, *inter alia*, that the City be named as an additional insured on Scotia Prince's insurance policies.    They argue that there is a potential issue whether the Marsh Agency, through which Scotia Prince placed its insurance coverage, was acting on behalf of American Home when its employees allegedly represented that the City would be covered as a named insured under certain of the American Home policies.[2] Pursuant to Rule 56(f) the City and the plaintiffs in CV-06-444 et al. also argue that they cannot present affidavits on these issues because the necessary facts are not in their

_____

[2]  The City also suggests that there may be a basis to reform the American Home policies under the doctrine of mutual mistake.

3

possession and that they can only obtain such facts by undertaking discovery of American Home, the Marsh Agency, and perhaps Scotia Prince.

In response, American Home argues that the theories advanced by the City and the Wilcox plaintiffs are tenuous. That may be, but it is not a basis on which the court can grant summary judgment. American Home has also submitted additional affidavits purporting to refute the Wilcox plaintiffs' claim that the Marsh Agency was acting as American Home's agent when representations were allegedly made that the City would be added as an additional insured. However, the court cannot grant summary judgment based on affidavits submitted with reply papers to which the party opposing summary judgment has not had an opportunity to respond. Moreover, those affidavits do not change the situation that the parties opposing summary judgment do not have the necessary facts in their possession at this stage in the case and need at least limited discovery to determine whether there is a factual basis to substantiate their defenses to the motion.[3]

In the final analysis, if the facts are as described by American Home, then American Home will be entitled to summary judgment.[4] For now, however, the court will defer acting on American Home's motion pursuant to Rule 56(f) until the City and the Wilcox plaintiffs have had an opportunity for discovery. Thereafter American

---

[3] After its reply papers had been submitted and the court took its summary judgment motion under advisement, American Home filed two additional memoranda offering further arguments. American Home did not seek leave to file those memoranda, and the civil rules make no provision for supplemental, rebuttal, and sur-rebuttal filings. The court will disregard both of American Home's supplemental filings and the responses of the City and the Wilcox plaintiffs to those filings.

[4] This would be regardless of whether the City or Scotia Prince might have claims against the Marsh Agency or other parties who allegedly made misrepresentations with respect to the City's inclusion as an additional insured.

Home can renew its motion based upon the present record, if it so chooses,[5] or it may file a further motion with additional factual submissions.

3.   Scheduling Order

After considering the respective positions of the parties with respect to the proposed scheduling orders they submitted on August 14, 2009, the court has fashioned a scheduling order which is being issued herewith.

The entry shall be:

The motion to dismiss by defendant United National Insurance Co. is denied. The motion for a stay by defendants St. Paul Fire and Marine Insurance Co. and St. Paul Surplus Lines Insurance Co. is denied without prejudice to renewal at a later time. Pursuant to Rule 56(f) a ruling is deferred on the motion for summary judgment by defendant American Home Assurance Co. to allow the City of Portland and the plaintiffs in CV-06-444 et al. to pursue discovery with respect to their potential defenses to that motion.

The clerk is directed to incorporate this order into the docket by reference pursuant to Rule 79(a).

DATED:   September 9, 2009

Thomas D. Warren
Justice, Superior Court

---

[5] If it renews its motion on the present record, however, American Home shall file a new Rule 56(h) statement if it wishes to rely on any of the material submitted in its reply affidavits.

Ivy Frignoca, Esq
Teresa Cloutier Esq
PO BOX 15215
Portland ME 04112

Amanda Sue Wilcox
Robert Schrader
Anthony Salisbury
William A. Libby
Mark C. Hudson
John Neil Hammill
Sadie Ann Thomas Frye
Jay M. Frye III
Jessica Delano
William Crawford
Barry C. Bartlett
George Wardwell
Hayley Saunders

Mark Dunlap, Esq.
James Poliquin, Esq.
PO BOX 4600
Portland ME 04112

City of Portland

Gerald Petrucelli, Esq.
James Haddow, Esq.
PO BOX 17555
Portland, ME 04112

Scotia Prince Cruises LTD

Jennifer Riggle, Esq.
43 Deering Street
Portland, Maine 04101
With Robert Kole, Esq (Pro Hoc Vice)

St. Paul Fire and Marine Ins. Co. Inc.
St. Paul Surplus Lines Ins. Company

John Lucy, Esq.
PO BOX 2429
Bangor, ME 04402

United National Ins. Co.

Daniel Mawhinney, Esq.
PO BOX 4630
Portland, ME 04112

General Star Indemnity Company

Michael Savasuk, Esq.
PO BOX 267
Portland, ME 04112

American Home Assurance Company