MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:     2017 ME 22
Docket:       And-16-68
Argued:       November 9, 2016
Decided:      January 31, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

DANIEL R. LALONDE

v.

CENTRAL MAINE MEDICAL CENTER

ALEXANDER, J.

[¶1]  Central Maine Medical Center (CMMC) has filed this interlocutory appeal from an order of the Superior Court (Androscoggin County, *MG Kennedy*, *J*.) denying CMMC's motion to dismiss, based on a claim of immunity pursuant to 24 M.R.S. § 2511 (2016), a complaint brought by Daniel R. Lalonde seeking indemnification for expenses he incurred in defense of an administrative proceeding initiated by the Board of Licensure in Medicine (the Board).  We reach the merits of this appeal, determine that section 2511 of the Maine Health Security Act does not render CMMC immune from Lalonde's contractual claim for reimbursement, and affirm the trial court's order.

## I. CASE HISTORY

[¶2]  The following facts, which we view as admitted for purposes of this appeal from a ruling on a M.R. Civ. P. 12(b)(6) motion to dismiss, are drawn from Lalonde's complaint.  *See Andrews v. Sheepscot Island Co.*, 2016 ME 68, ¶ 2, 138 A.3d 1197.

[¶3]  CMMC is a nonprofit corporation which operates an acute care hospital with its principal place of business in Lewiston.  Lalonde is a physician licensed to practice in Maine.  He became employed by CMMC in June 2005 under a "Physician Employment Agreement" drafted by CMMC.  The employment agreement provided that CMMC could terminate Lalonde's employment with or without cause.  On June 21, 2012, CMMC notified Lalonde that it was terminating his employment without cause.

[¶4]  On August 6, 2012, CMMC, referencing 24 M.R.S. § 2506 (2016), notified the Board that it had terminated Lalonde's employment "because of concerns about his clinical competence and behavior" as an employee of CMMC.[1]  As a result of CMMC's report, the Board initiated an investigation of Lalonde.

---

[1]  The Maine Health Security Act, at 24 M.R.S. § 2506 (2016), requires that a health care provider report to the appropriate board or authority when it terminates an employee for reasons related to the employee's clinical competence or unprofessional conduct.

[¶5]  CMMC's corporate bylaws provide that CMMC will indemnify present or former employees for attorney fees and costs associated with defending a court or administrative action arising out of events pertaining to their employment with CMMC:

> This corporation shall in all cases indemnify any person who was or is a party . . . to any threatened, pending or completed action, suit, or proceeding, whether civil, criminal, or administrative, by reason of the fact that that person was a[n] . . . employee or agent of the corporation, against expenses, including attorney fees . . . actually and reasonably incurred by the person in connection with such action, suit or proceeding; provided that no indemnification shall be made for any person with respect to any matter unless the Board of Trustees . . . determines that that person acted in good faith in the reasonable belief that his or her actions were in the best interests of the corporation . . . .

[¶6]  Independent of any rights conferred by the bylaws or employment contracts of a nonprofit corporation, the Maine Nonprofit Corporation Act, 13-B M.R.S. §§ 101-1406 (2016), at section 714(2), provides that:

> [an] employee or agent of a corporation [who] has been successful on the merits or otherwise in defense of any action, suit or proceeding [to which he was made a party by reason of his employment], . . . shall be indemnified against expenses, including attorneys' fees, actually and reasonably incurred by him in connection therewith.

[¶7]  In November 2012 and April 2014, Lalonde requested that CMMC indemnify him for all expenses, including attorney fees, incurred during the pendency of the Board's proceeding.  CMMC declined the requests.  On July 11,

2014, the Board notified Lalonde that it had dismissed the complaint against him. Lalonde again requested indemnification from CMMC. In April 2015, CMMC's Board of Trustees determined that it would not indemnify Lalonde.

[¶8] On May 7, 2015, Lalonde filed a complaint against CMMC seeking a judgment—pursuant to either the Nonprofit Corporation Act or the corporate bylaws of CMMC—awarding him attorney fees and costs incurred in his defense of the administrative proceeding initiated by the Board. CMMC moved to dismiss Lalonde's complaint, arguing that, pursuant to section 2511 of the Maine Health Security Act, 24 M.R.S. §§ 2501-2988 (2016), CMMC is absolutely immune from civil liability for making its report, pursuant to section 2506, to the Board.[2]

[¶9] After a hearing, the court agreed with CMMC that, pursuant to section 2511, CMMC is absolutely immune from civil liability for reporting Lalonde's termination to the Board. However, the court determined that Lalonde was not claiming damages from CMMC for making a report to the Board. Instead, the court concluded, he was seeking the enforcement of a

---

[2] CMMC alternatively argued that the court should dismiss the complaint on the basis that Lalonde will be unable to prove his allegations because he relies on information contained in confidential and privileged records. The court declined to reach the issue, concluding that matters outside the complaint, including the admissibility of evidence, are not considered on a motion to dismiss for failure to state a claim. Because the provability of Lalonde's claims is not inextricably tied to the issue of immunity, we decline to consider the issue on this interlocutory appeal. *See Clifford v. MaineGeneral Med. Ctr.*, 2014 ME 60, ¶ 75, 91 A.3d 567.

contractual or statutory right to indemnification, and the allegation that CMMC reported Lalonde's termination to the Board, thus triggering the Board's actions against Lalonde, was not an essential fact of his indemnification claim. Thus, the court denied CMMC's motion to dismiss, concluding that Lalonde's claims were not barred by CMMC's immunity under section 2511 of the Maine Health Security Act. This appeal followed.

## II. LEGAL ANALYSIS

### A. Interlocutory Appeal.

[¶10] CMMC's interlocutory appeal is not barred by the final judgment rule because CMMC asserts a claim of immunity pursuant to section 2511. Interlocutory appeals are allowed from orders denying motions to dismiss or motions for summary judgment when the asserted basis for the motion is the complete or qualified immunity of the defendant from suit. *See Estate of Fortier v. City of Lewiston*, 2010 ME 50, ¶ 1, 997 A.2d 84; *Knowlton v. Attorney General*, 2009 ME 79, ¶ 10, 976 A.2d 973; *Wilcox v. City of Portland*, 2009 ME 53, ¶ 11, 970 A.2d 295; *Hawkes v. Commercial Union Ins. Co.*, 2001 ME 8, ¶ 6, 764 A.2d 258.

6

B.      Denial of Motion to Dismiss

[¶11]  An affirmative defense of immunity may be raised by a motion to dismiss for failure to state a claim.  M.R. Civ. P. 8(c); *see Munjoy Sporting & Athletic Club v. Dow*, 2000 ME 141, ¶ 17, 755 A.2d 531.  When we review a trial court's denial of a motion to dismiss for failure to state a claim upon which relief can be granted, we view the facts alleged in the complaint as if they were admitted and in the light most favorable to the plaintiff. *See Andrews*, 2016 ME 68, ¶ 8, 138 A.3d 1197; *see also Moody v. State Liquor & Lottery Comm'n,* 2004 ME 20, ¶ 7, 843 A.2d 43 (stating that when reviewing a ruling on a motion to dismiss, the complaint is examined "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory").

[¶12]  Section 2511(1) of the Health Security Act grants immunity from civil liability to a "health care provider," such as CMMC, "for making any report or other information available to any board," such as the Medical Board. *See also*  24  M.R.S.  § 2502(1),  (2)  (2016).  Specifically,  24  M.R.S.  § 2511(1) states:

Any person acting without malice, any physician, podiatrist, health care provider, health care entity . . . and any entity required to report under this chapter are immune from civil liability:

**1**. **Reporting.** For making any report or other information available to any board, appropriate authority, professional competence committee or professional review committee pursuant to law.

[¶13] The specific terms of section 2511 give CMMC immunity from any suit claiming harm by defamation, slander, breach of contract, interference with an expectancy, or any other cause of action seeking damages or other remedies based on CMMC's report to the Board. The focus of Lalonde's complaint is not CMMC's report to the Board, but rather Lalonde's defense in an administrative action before a professional licensing board and CMMC's bylaws that entitle an employee to reimbursement for defense costs.

[¶14] To obtain relief under a contractual indemnification theory, Lalonde must prove that (1) he and CMMC had a legally binding contract, (2) CMMC breached a material term of the contract, and (3) CMMC's breach caused him to suffer damages. *See Tobin v. Barter*, 2014 ME 51, ¶¶ 9-10, 89 A.3d 1088. Lalonde's complaint satisfies each of the required elements. It asserts that (1) CMMC's bylaws created a legally binding contract between the hospital and Lalonde; (2) CMMC breached the contract's indemnification clause; and (3) CMMC's breach caused him to incur financial loss. *See Whalen*

*v. Down East Cmty. Hosp.*, 2009 ME 99, ¶ 9, 980 A.2d 1252 (stating that hospital bylaws may create a valid, enforceable contract between the hospital and its staff physicians).

[¶15]  To prevail on a theory of statutory indemnification under section 714(2) of the Nonprofit Corporation Act, Lalonde must prove that (1) he was an employee of CMMC, (2) CMMC is a nonprofit hospital, (3) he successfully defended an action brought against him by reason of his employment with CMMC, and (4) he incurred expenses as a result of defending the action.  *See* 13-B M.R.S. § 714(2).   Based on the facts recounted above, Lalonde's complaint satisfies each of the required elements of section 714(2).   The CMMC bylaws, however, are more favorable to Lalonde, because the bylaws do not condition payment on a successful defense and consequently allow payment during, rather than after, the proceeding.

[¶16]  Because CMMC's bylaws are more favorable to Lalonde on his contract theory of recovery, and because the record is unclear as to whether the Board's dismissal of the complaint was a decision based on a successful defense of the claim or on some other grounds that might not generate liability for indemnification pursuant to section 714(2), we limit further discussion to application and interpretation of the CMMC bylaws.

[¶17]   To generate liability for indemnification, the bylaws do not require evidence of the cause of an action or investigation, only that a board action or investigation regarding an employee occurred.   While the Board's action against Lalonde was prompted by a report made by CMMC, and Lalonde alleged that fact, perhaps unnecessarily, in his complaint, Lalonde's complaint does not seek to hold CMMC civilly liable for its report.   Therefore, section 2511 is inapplicable.   The CMMC bylaws create an indemnification responsibility regardless of the cause of the investigation and, in effect, create a contractual exception to section 2511 immunity when CMMC may initiate or assist an action before the Board that involves one of its employees.

[¶18]   That the CMMC bylaws create a contractual exception to section 2511 immunity becomes more apparent when one recognizes that section 2511(3) extends immunity to any activity "assisting the board, authority or committee in carrying out any of its duties or functions provided by law." *See* 24 M.R.S. § 2511(3).   To the extent that CMMC would likely be called upon to provide information or assistance in most investigations or actions regarding its employees, the indemnification clause in the CMMC bylaws would be rendered meaningless if section 2511 were read, as CMMC argues that section 2511 should be read, to bar contractual indemnification any time

CMMC initiates, participates in, or assists an action or investigation regarding one of its employees.

[¶19]  Viewing the complaint in the light most favorable to Lalonde, the allegations in the complaint are, as a matter of law, sufficient to overcome a Rule 12(b)(6) motion, because they state the elements of a cause of action and facts that would entitle Lalonde to relief pursuant to some legal theory.  Thus, CMMC is not immune from Lalonde's action for indemnification for the costs of his defense.

The entry is:

Judgment affirmed.

Michael R. Poulin, Esq. (orally), Skelton, Taintor & Abbott, Auburn, for appellant Central Maine Medical Center

Christopher C. Taintor, Esq. (orally), Norman, Hanson & DeTroy, LLC, Portland, for appellee Daniel R. Lalonde

Androscoggin County Superior Court docket number CV-2015-78
FOR CLERK REFERENCE ONLY