MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2022 ME 30
Docket:      Pen-21-348
Argued:      May 9, 2022
Decided:     May 31, 2022

Panel:       STANFILL, C.J., and MEAD, JABAR, HUMPHREY, HORTON, CONNORS, and LAWRENCE, JJ.

ESTATE OF ALBERT L. BEAN SR.

v.

CITY OF BANGOR et al.

MEAD, J.

[¶1]  The City of Bangor appeals from a decision of the Superior Court (Penobscot County, *Anderson, J.*) denying its motion for summary judgment in a personal injury suit brought by the estate of Albert L. Bean Sr. (the Estate). The City contends that it is immune from liability pursuant to the Maine Tort Claims Act (MTCA), 14 M.R.S. §§ 8101-8118 (2022).[1]  Because an issue of fact remains as to the City's insurance coverage, we dismiss the appeal as interlocutory.

---

[1] The City's additional contentions are not addressed in this opinion as we do not reach the merits of the appeal.

## I. BACKGROUND

[¶2]  Viewed in the light most favorable to the Estate as the nonmoving party, the summary judgment record establishes the following facts.  *Searle v. Town of Bucksport*, 2010 ME 89, ¶ 2, 3 A.3d 390.  A small tree surrounded by a tree grate was cut and removed by the City of Bangor Forestry Department on an unknown date prior to September 26, 2017.  The tree grate hole that housed the small tree was located near a Bangor restaurant and had a diameter of twenty-four inches.  The City planned to replant the small tree in the spring of 2018.  After the tree was removed and before it was replanted, Bean was walking in proximity to the restaurant and fell.[2]  The City was not planting a tree or performing any work related to the small tree when Bean fell.

[¶3] Following his death approximately one year later, Bean's widow and the Estate jointly filed a three-count complaint against the City[3] alleging negligence, wrongful death, and loss of consortium.  On February 22, 2021, the City moved for summary judgment claiming immunity pursuant to the MTCA.

---

[2]  The summary judgment record reflects only that Bean fell near the restaurant and does not include any indication of when Bean fell or the supposed cause of his fall.  The complaint alleges that on September 26, 2017, Bean was on the Bangor sidewalk directing his wife toward an available parking spot when he stepped backwards into the tree grate hole at issue, fell, and impacted the sidewalk.

[3] All claims against the co-defendants named in the complaint have been dismissed and they are not involved in the present appeal.

On October 13, 2021, the court denied the City's motion, finding that factual issues concerning the waiver of the City's immunity existed. The City timely appealed. *See* 14 M.R.S. § 1851 (2022); M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶4]  Although an appeal from the denial of a motion for summary judgment is generally interlocutory and barred by the final judgment rule, "appeals based on a denial of a dispositive motion asserting immunity from suit are immediately reviewable." *Rodriguez v. Town of Moose River*, 2007 ME 68, ¶ 16, 922 A.2d 484; *see also Perry v. Dean*, 2017 ME 35, ¶ 10, 156 A.3d 742. However, an interlocutory appeal under the immunity exception to the final judgment rule is not available "[w]hen immunity issues have underlying fact questions that must be decided before the trial court can determine the applicability of immunities as a matter of law." *Wilcox v. City of Portland*, 2009 ME 53, ¶ 14, 970 A.2d 295.

[¶5]  "The MTCA provides as a general rule that 'all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages.'" *McDonald v. City of Portland*, 2020 ME 119, ¶ 12, 239 A.3d 662 (citing 14 M.R.S. § 8103(1)).  This general immunity has limitations, including a waiver of immunity found within 14 M.R.S. § 8116.  "[Section] 8116 specifies

that the immunity provisions and protections of the [MTCA] are inapplicable if the claims against the governmental entity are covered by an insurance policy indemnifying the governmental entity for such claims." *Wilcox,* 2009 ME 53, ¶ 12, 970 A.2d 295.

[¶6]  Although not a fact set forth in the summary judgment record, *see Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶¶ 4-6, 770 A.2d 653, the Estate asserted in its complaint that "Defendant City of Bangor is not immune from suit as it maintains insurance which will cover the Plaintiff's claims."  *See* 14 M.R.S. § 8116.  As a general rule, "the party opposing a claim, usually a defendant, has the burden of proof on an issue characterized as an affirmative defense or other issues to avoid or reduce liability."  *Hansen v. Sunday River Skiway Corp.*, 1999 ME 45, ¶ 11 n.2, 726 A.2d 220.  In MTCA cases involving the sovereign immunity defense, we have said that the governmental entity, as the party asserting the affirmative defense, has the burden of demonstrating the basis for the defense, including that the entity does not have insurance to cover the event in question.  *See Perry*, 2017 ME 35, ¶ 24, 156 A.3d 742; *Hilderbrand v. Washington Cnty. Comm'rs*, 2011 ME 132, ¶ 7, 33 A.3d 425; *King v. Town of Monmouth*, 1997 ME 151, ¶ 7, 697 A.2d 837.  Because the City asserted the affirmative defense of immunity to the Estate's suit, the City "had the burden of

proof on this issue, including the burden to establish that there is no insurance coverage." *Perry*, 2017 ME 35, ¶ 24, 156 A.3d 742. The summary judgment record is devoid of any mention of insurance; notably absent from the trial court record is any denial by the City that such coverage exists.

[¶7] Although it failed to address the Estate's allegation of insurance coverage in its summary judgment submissions, the City stated in its brief, "Cities do have insurance, and, therefore, an exception to immunity requires the City to demonstrate the lack of coverage for the event to support the immunity defense. *The City may or may not have such coverage in its policy.*" (Emphasis added). Because the summary judgment record has "left unresolved the question of the applicability of insurance to indemnify the City for the claims presented in this case," *Wilcox*, 2009 ME 53, ¶ 12, 970 A.2d 295, and the City admits that it "may or may not have such coverage in its policy," it would be premature for us to consider the MTCA immunity issues presented in this appeal.

The entry is:

        Appeal dismissed.

---

Frederick F. Costlow, Esq. (orally), Richardson, Whitman, Large & Badger, Bangor, for appellant City of Bangor

Kirk D. Bloomer, Esq., and William J. Johnson, Esq. (orally), Bloomer Russell Beaupain, Bangor, for appellee Estate of Albert Bean, Sr.

Penobscot County Superior Court docket number CV-2019-126
FOR CLERK REFERENCE ONLY