MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2026 ME 33
Docket:        Pen-24-551
Argued:        November 13, 2025
Decided:       April 16, 2026

Panel:         STANFILL, C.J., and MEAD, CONNORS, DOUGLAS, and LIPEZ, JJ.

AMARYLIS FISHER

v.

TOWN OF HAMPDEN et al.

LIPEZ, J.

[¶1]  The Town of Hampden, the Town of Veazie, the Town of Orono, the City of Old Town, and the City of Brewer (collectively, the Municipalities) appeal from an order of the Superior Court (Penobscot County, *Mallonee, J.*) denying their motion for summary judgment on Amarylis Fisher's negligence claim.  The Municipalities argue that they are immune from suit under the Maine Tort Claims Act (MTCA), 14 M.R.S. §§ 8101-8118 (2025).[1]  Because material disputes of fact remain concerning the Municipalities' entitlement to immunity, we dismiss the appeal as interlocutory.

---

[1]  During the pendency of this case, 14 M.R.S. § 8102 was amended to extend tort claims protections to "mutual aid emergency response employer[s]" and "personnel," P.L. 2023, ch. 311, §§ 1-4 (effective Oct. 25, 2023) (codified at 14 M.R.S. § 8102(1), (1-B), (1-C), (3)).  This amendment is not relevant to the issues presented on appeal, and the MTCA has otherwise remained unchanged since the lawsuit was filed.  We accordingly cite to the current version of the statute.

## I. BACKGROUND

[¶2]  The following facts are drawn from the summary judgment record, viewed in the light most favorable to Fisher as the nonmoving party.  *See Est. of Bean v. City of Bangor*, 2022 ME 30, ¶ 2, 275 A.3d 324.

[¶3]  The Community Connector is a public transit system serving the City of Bangor, the Municipalities, and the University of Maine.  The City of Bangor oversees many of the day-to-day operations of the Community Connector, with some participation by the Municipalities.  The extent of the Municipalities' involvement is disputed.

[¶4]  In August 2020, Fisher was struck and injured by a bus in Bangor. The parties dispute whether the bus that hit Fisher was operating on a Community Connector route or an intracity Bangor route.  The buses operating on Bangor's intracity routes are outwardly indistinguishable from those operating on Community Connector routes.

[¶5]  In July 2022, Fisher filed a three-count complaint in the Superior Court against the City of Bangor, the Community Connector, and the Municipalities.  In Count 1, Fisher alleged that the defendants were liable for the negligence of their agent, the bus driver, and in Count 2, Fisher alleged that the Community Connector was a joint venture or enterprise of the City of

Bangor and the Municipalities and that each participant in the joint venture was liable for damages proximately caused by the negligence of any other participant.[2]

[¶6]  The Municipalities filed a motion for summary judgment on the grounds that they are immune from suit under the MTCA.  The court denied the motion, determining, as relevant here, that the Municipalities failed to meet their burden to show that the undisputed material facts negated the existence of a joint venture.  *See id.* ¶ 6 (explaining that "[i]n MTCA cases involving the sovereign immunity defense, . . . the governmental entity, as the party asserting the affirmative defense, has the burden of demonstrating the basis for the defense").  The court also denied the Municipalities' subsequent motion to reconsider its order.  *See* M.R. Civ. P. 7(b)(5), 59(e).  This appeal by the Municipalities followed.

## II.  DISCUSSION

[¶7]  Although appeals from the denial of summary judgment are interlocutory and thus generally barred by the final judgment rule, appeals from the "denial of a dispositive motion asserting immunity from suit are immediately reviewable." *Est. of Bean*, 2022 ME 30, ¶ 4, 275 A.3d 324 (quoting

---

[2] In Count 3, Fisher did not assert a separate cause of action but instead sought to negate a defense by alleging that the defendants waived MTCA immunity by accepting federal grants.

4

*Rodriguez v. Town of Moose River*, 2007 ME 68, ¶ 16, 922 A.2d 484). Interlocutory review is not available, however, "[w]hen immunity issues have underlying fact questions that must be decided before the trial court can determine the applicability of immunities as a matter of law." *Wilcox v. City of Portland*, 2009 ME 53, ¶ 14, 970 A.2d 295.

[¶8]  The Municipalities invoke the MTCA, which grants governmental entities general immunity from suit "on any and all tort claims seeking recovery of damages."  14 M.R.S. § 8103(1).  The statute enumerates several exceptions to that immunity, including, in pertinent part, that "[a] governmental entity is liable for its negligent acts or omissions in its ownership, maintenance or use of any . . . [m]otor vehicle."  *Id.* § 8104-A(1)(A).  Fisher contends that this exception applies because her injuries arose from the negligent operation of a Community Connector bus.  The Municipalities counter that they "did not own or maintain the bus that struck Fisher, nor did they train, test, or employ the bus driver," and that therefore the exception to immunity for use of a motor vehicle does not apply to them.

[¶9]  The threshold question is thus whether the Municipalities were "us[ing]" the bus within the meaning of the MTCA when it hit Fisher.  We have previously construed the phrase "ownership, maintenance or use" in section

8104-A(1) to require a showing that the governmental entity had "some measure of direct control over [the vehicle] or [its operator]." *Est. of Fortier v. City of Lewiston*, 2010 ME 50, ¶ 15, 997 A.2d 84 (holding that a municipality was immune from a lawsuit involving a plane crash because it "had no direct control over the . . . aircraft or its pilot").

[¶10] Whether the Municipalities had some measure of direct control over the bus or its driver when the bus struck Fisher may depend on whether the bus was part of the Community Connector, and if so, what role the Municipalities play in the operation of that system. The summary judgment record, however, leaves these questions of fact unanswered. Because "[t]he trial court, not this Court, must make the findings of fact prerequisite to a determination of whether or not [MTCA] immunities apply," we cannot resolve this dispute in this first instance.[3] *Wilcox*, 2009 ME 53, ¶ 14, 970 A.2d 295.

---

[3] The Municipalities fault the trial court for focusing on the question of whether a joint venture existed because, they contend, Fisher's joint-venture theory is "a means of proving negligence," which is an issue "separate and secondary to the threshold question of whether a governmental entity is immune." Although they are correct to an extent, the nature of the relationship between the Municipalities and the City of Bangor vis-à-vis the Community Connector necessarily informs the analysis of whether the Municipalities maintained "some measure of direct control" over the bus or its driver. *See Est. of Fortier*, 2010 ME 50, ¶ 15, 997 A.2d 84.

Accordingly, we dismiss this appeal as interlocutory.[4]  *See id.* ¶¶ 12-15; *Est. of Bean*, 2022 ME 30, ¶¶ 4, 7, 275 A.3d 324.

The entry is:

Appeal dismissed.

---

Mark V. Franco, Esq. (orally), and Susan M. Weidner, Esq., Drummond Woodsum, Portland, for appellants Town of Hampden, Town of Veazie, Town of Orono, City of Old Town, and City of Brewer

Charles E. Gilbert III, Esq. (orally), Russell Johnson Beaupain, Bangor, and Daniel J. Stevens, Esq., Stevens & Day, LLP, Augusta, for appellee Amaryllis Fisher

Penobscot County Superior Court docket number CIV-2022-86
FOR CLERK REFERENCE ONLY

---

[4] As a result, we also do not address the parties' arguments regarding whether the Municipalities waived immunity by virtue of their insurance coverage.  *See Wilcox*, 2009 ME 53, ¶ 12, 970 A.2d 295 (explaining that pursuant to section 8116 of the MTCA, governmental entities are not immune from suit "if the claims against the governmental entity are covered by an insurance policy indemnifying the governmental entity for such claims").